UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MAGEE,<br><br>                    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of the Social Security Administration,<br><br>                    Defendant. | Case No.:  20cv0548-SBC<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 19]** |

Before the Court is Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 19.) Defendant responded to the motion, stating that Defendant neither supports nor opposes Plaintiff's request for attorney's fees. (ECF No. 21.) For the reasons stated below, the motion is **GRANTED**.

I.  PROCEDURAL BACKGROUND

On March 23, 2020, Plaintiff filed a complaint, seeking judicial review of the denial of her application for social security benefits. (ECF No. 1.) The parties consented to Magistrate Judge jurisdiction over the case. (ECF No. 6.) On November 12, 2020, the Court granted the parties' motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 15.)

On December 16, 2020, the parties filed a joint motion for attorney's fees pursuant

to the Equal Access to Justice Act ("EAJA"), which the Court granted, awarding fees in the amount of $5,000. (ECF Nos. 17-18.)

On January 27, 2024, the Social Security Administration ("SSA") issued a Notice of Award to Plaintiff, awarding her a total of $107,624.90 in past benefits. (ECF No. 19-1.) The letter notified Plaintiff that the SSA would withhold 25 percent of the total past-due benefits (in the amount of $25,430.75) for potential payment to Plaintiff's attorney. (*Id.* at 3.) Plaintiff subsequently filed this motion for fees.

## II.   DISCUSSION

In the motion, Plaintiff requests an award of attorney fees to her attorney, Martha Yancey, in the amount of $25,430.75, representing the full 25% of the past-due benefits award. (ECF No. 19 at 1.) Plaintiff and Ms. Yancey entered into a contingency fee agreement, where Plaintiff agreed that ". . . my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." (ECF No. 19-3 at 1.)

Under 42 U.S.C. § 406(b), "a court may allow a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits awards to the claimant" as attorney's fees for representation in court proceedings. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)). Under this framework, the court does not start with a lodestar calculation; rather, the court "first look[s] to the fee agreement and then adjusts downward if the attorney provided substandard representation." *Id.* at 1151. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

Plaintiff's counsel contends that the request of fees is reasonable because she spent significant time on the case, which was very fact driven, and she achieved excellent results for her client. (ECF No. 19 at 4.) Her records show that she billed 25.49 hours to the case,

making her request an effective hourly rate of $997.67. (*Id.*) She cites several cases that have approved rates similar and higher in other social security cases. *Id.* (citing *Marshall v. Saul*, Case No. 16cv666-BAS (PCL) (S.D. Cal. June 1, 2020) (approving rate of $1526.75); *Reddick v. Berryhill*, Case No. 16cv29-BTM (BLM) (S.D. Cal. May 30, 2019) (approving rate of $1,990.74); *Crawford*, 586 F.3d at 1153 (affirming rates of $519, $875, and $902)).

First, the Court notes that there is nothing to suggest that Plaintiff's counsel was dilatory in prosecution of the case or that there was substandard performance, so neither of these factors weigh in favor of a downward departure from the 25% requested. The only remaining factor is the reasonableness of the effective hourly rate. Though the rate is high, it is consistent with other rates that have been approved by courts in similar cases. In addition to the cases cited by Plaintiff's counsel, courts have approved comparable attorney's fees in other similar cases as well. *See e.g. Martinez v. Berryhill*, No. 13-CV-272 JLS (JLB), 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (awarding de facto hourly rate of $886.52 per hour for 28.2 hours); *Truett v. Berryhill*, No. 13-CV-2742 W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding de facto hourly rate of $1,788.62 for 12.3 hours of work); *Shubin v. Colvin*, No. SACV 13-0146-DTB, 2015 WL 233243, at *2 (C.D. Cal. Jan. 15, 2015) (awarding hourly rate of $1,020.40).

Further, in taking on the case on a contingency basis, Plaintiff's counsel shouldered the risk of minimal, if any, payment in the event the appeal would be unsuccessful. Thus, in light of these factors and circumstances, the Court finds that the requested fee is reasonable, and a downward adjustment is not warranted. The Court therefore **GRANTS** the motion and approves the requested fees in the amount of $25,430.75.

Having approved of the fees, an adjustment must be made in light of the Court's prior award under the EAJA in the amount of $5,000.00. "[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish*

*v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). Thus, as Plaintiff's counsel has also acknowledged, the previous amount recovered under the EAJA must be remitted back to Plaintiff. (*See* ECF No. 19 at 4.) Thus, the Court **ORDERS** Plaintiff's counsel to refund the amount $5,000.00 back to Plaintiff.

### III.  CONCLUSION

Accordingly, after due consideration and for the reasons stated above, the Court **GRANTS** Plaintiff's motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b). The Court approves the requested fees in the amount of $25,430.75, currently withheld by the Social Security Administration, to be released to Plaintiff's counsel. The Court further **ORDERS** Plaintiff's counsel to refund to Plaintiff $5,000.00 that she previously received under the EAJA.

**IT IS SO ORDERED.**

Dated: April 11, 2024

Hon. Steve B. Chu
United States Magistrate Judge